IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| SKYLAR SALEM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 15-00494-CV-W-BP |
| | ) | |
| UNIVERSITY OF KANSAS HOSPITAL, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter comes before the Court on Plaintiff Skylar Salem's Motion for Leave to Proceed *In Forma Pauperis*, (Doc. 1). The Court evaluates whether Plaintiff has established subject matter jurisdiction and whether Plaintiff has presented a viable claim. For the following reasons, Salem's Motion is **DENIED** and the case is **DISMISSED**.

### I. Jurisdiction

Federal courts are courts of limited jurisdiction, meaning there are only certain subject matters that federal courts have authority to hear and decide. *Arkansas Blue Cross & Blue Shield v. Little Rock Cardiology Clinic, P.A.*, 551 F.3d 812, 816 (8th Cir. 2009). Specifically, federal courts only have jurisdiction if the parties are diverse or the case presents a question of federal law. *See* 28 U.S.C. §§ 1331, 1332. Diversity jurisdiction is established when the citizenship of each plaintiff is diverse from the citizenship of each defendant and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332. Federal question jurisdiction is established when the claim arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Here, the Complaint indicates that neither diversity jurisdiction nor federal question jurisdiction exists. The parties in this case do not appear to be diverse as Plaintiff's residence

and Defendant's place of business are both in Kansas.[1]  (Doc. 1-1.)  Thus, it appears both parties are Kansas citizens and the Complaint cannot establish diversity of citizenship.  *See* 28 U.S.C. § 1332.  Further, there is no indication that the claim arises under federal law as the Complaint simply states "negligence" is the cause of action.   *See* 28 U.S.C. § 1331.  Therefore, the Court finds the Complaint fails to establish subject matter jurisdiction, and dismissal is proper.

II.     **Viable Claim**

When a plaintiff moves to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines" the action is frivolous, malicious, fails to state a claim, or seeks monetary relief from an immune defendant.  28 U.S.C. § 1915(e)(2)(B); *see also Carney v. Houston,* 33 F.3d 893, 895 (8th Cir. 1994); *Gentile v. Missouri Dept. of Corrections*, 986 F.3d 214, 217 (8th Cir. 1993) (court determines whether the complaint is frivolous or malicious before granting *in forma pauperis* status).  In assessing whether a plaintiff has stated a viable claim, a court must determine if the complaint alleges sufficient facts to "state a claim to relief that is plausible on its face."  *Walker v. Barrett*, 650 F.3d 1198, 1203 (8th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also* Fed. R. Civ. P. 12(b)(6).  While pro se complaints must be read liberally, *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004), a pro se complaint still must allege sufficient facts to support the claims advanced.  *Id.; see also Stringer v. St. James R-1 Sch. Dist.*, 446 F.3d 799, 802 (8th Cir. 2006).  A court need not "pretend that

---

[1] Plaintiff does not indicate Defendant's address, place of incorporation, or principle place of business.  However, the Court takes judicial notice that the University of Kansas Hospital is located in Kansas.  *See Cynergy Ergonomics, Inc. v. Ergonomic Partners, Inc.*, 2008 WL 2064967, at *2 (E.D. Mo. May 14, 2008) ("a court may take judicial notice of a fact not in the record where it is "either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.") (citing Fed. R. Evid. 201(b)).  It is generally known that the University of Kansas Hospital is located in Kansas, and may also be readily and accurately confirmed via its website, http://www.kumed.com/contact-us.  *See Cheval Int'l v. SmartPak Equine, LLC*, 2015 WL 798968, at *4 (D.S.D. Feb. 26, 2015) ". . . the court may take judicial notice of factual information found on a website[.]").

2

certain facts exist in order to foresee a theory of recovery not actually raised or reasonably inferred by the pleader." *Williams v. Willits*, 853 F.2d 586, 588 (8th Cir. 1988).

Here, the Complaint's "Statement of Claim" section states: "negligence KCPD, KBI, Gray County Sheriff department, Daryl Rien, Judith Waldron, Shawnee Police Department, Paul Conrordy, Joe Salem, Compass" and requests relief in the amount of $750,000,000.00. (Doc. 1-1, p. 2.) The identity of the individuals, as well as the connection between the individuals and entities and negligence, is not explained. Further, no factual basis for relief is stated. A claim for negligence requires that a plaintiff allege "(1) the existence of a duty to conform to a certain standard of conduct to protect others against unreasonable risks; (2) breach of the duty; (3) proximate causation; and (4) actual damages." *Howard v. Frost Nat'l Bank*, 458 S.W.3d 849, 853 (Mo. Ct. App. 2015) (citing *Hoover's Dairy, Inc. v. Mid-America Dairymen, Inc./Special Prods., Inc.*, 700 S.W.2d 426, 431 (Mo. 1985)). Plaintiff has not alleged any facts that indicate Defendant breached a duty and caused Plaintiff to suffer damages. Therefore, the Court finds Plaintiff fails to state a viable claim, and dismissal without prejudice is proper. *See Denton v. Hernandez*, 504 U.S. 25, 34 (dismissal of claims under 28 U.S.C. § 1915 is "an exercise of the court's discretion under the *in forma pauperis* statute" and is not a decision on the merits).

### III. Conclusion

Accordingly, Plaintiff Skylar Salem's Motion for Leave to Proceed *In Forma Pauperis*, (Doc. 1), is **DENIED**. Further, this case is **DISMISSED without prejudice**.

**IT IS SO ORDERED.**

/s/ Beth Phillips
BETH PHILLIPS, JUDGE
UNITED STATES DISTRICT COURT

DATE: July 17, 2015